UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL WILLIAM MAINES, | § | |
| ID # 44442-177, | § | |
|     Movant, | § | |
| | § | |
| v. | § | No. 3:13-CV-4631-B |
| | § | (3:12-CR-0151-B) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT, IN PART, and
PARTIALLY DENYING MOTION UNDER 28 U.S.C. § 2255,
SETTING REMAINING CLAIMS UNDER 28 U.S.C. § 2255 FOR HEARING**

Now pending before the Court is defendant/movant Samuel William Maines's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, accompanied by a memorandum in support. After a response filed by the government, amended pleadings, an additional response, and a reply, the magistrate judge filed a findings, conclusions, and recommendation. Movant Maines filed written objections, and as directed by a Court order, the government provided a response to Maines's written objections.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, Movant Samuel William Maines's objections thereto, and the government's response to Maines's written objections, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that several of Maines's grounds for relief should be denied. As to the remaining grounds for relief, the Court will schedule a hearing on those grounds only and, pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings in the District Courts, the Court will appoint counsel for Maines for that hearing. The Court will also ask for additional briefing.

*Grounds for Relief*

The identification of the exact grounds for relief pending before the Court is complicated by the manner and timing of how the claims were raised. In the 28 U.S.C. § 2255 motion filed in this case Movant Maines raised the following claims:

> (1) Ground One: [Movant's first attorney] rendered ineffective assistance at the initial appearance stage of the proceedings (a) by failing to challenge the validity of Movant's arrest and advising Movant to waive a probable cause hearing, (b) by failing to object to errors in the government's motion for detention which led to a presumption against Movant's release on bail (c) by failing to object to false and prejudicial statements made by government witnesses in support of Movant's pretrial detention, (d) by failing to argue facts in support of Movant's release on bail, and (e) by failing to advise Movant of his right to testify at the detention hearing.
>
> (2) Ground Two: [Movant's second attorney] rendered ineffective assistance at the pre-trial stage of the proceedings by failing to move to suppress the evidence on the grounds (a) that Movant's statements to law enforcement officials were compelled in violation of Movant's right against self incrimination, (b) that the initial search of a certain computer, via the internet, purportedly belonging to Movant, was illegal, (c) that the affidavit in support of the search warrant contained materially false statements and omissions, and failed to establish probable cause, (d) that the search warrant for Movant's residence was overly broad and lacked particularity, and (e) that the search was unreasonable and that the "good faith" exception did not apply.
>
> (3) Ground Three: [Movant's second attorney] rendered ineffective assistance at the signing of the guilty plea stage of the proceedings by advising, urging, and inducing Movant into signing the government's plea agreement involuntarily (a) without conducting any investigations [sic] into the facts of the case and the law in relation to the facts, (b) by advising and urging Movant to plead guilty to a non-existent offense, (c) by erroneously advising Movant that his maximum sentence exposure at trial was 30 years, (d) without disclosing to Movant, prior to seeking Movant's signature on the plea agreement, the government's version of the facts, which [the second attorney] knew or should have known were materially untrue, or explaining that Movant would be required to admit as true those same untrue facts, and (e) by improperly and unethically advising Movant that in order to not plead guilty Movant would have to implicate and accuse his father in the indicted offense.
>
> (4) Ground Four: [Movant's third attorney] rendered ineffective assistance at the entry of the guilty plea stage of the proceedings (a) by, notwithstanding that Movant adamantly asserted his innocence, insisting and persisting that Movant appear before

2

the Court and enter his guilty plea, (b) by threatening that if Movant did not plead guilty Movant would be charged and convicted of "Obstruction of Justice," whereupon, Movant would receive an additional 20 years consecutive to the 30 years for the underlying offense, and (c) by instructing Movant to answer affirmative "Yes" and "No" answers only to the Court's questions at the colloquy in order to falsely indicate that Movant was guilty of the indicted offense, had not been threatened by counsel, had been properly advised by counsel, and was satisfied with counsel.

(5) Ground Five: [Movant's third attorney] rendered ineffective assistance at sentencing by failing to object to (a) the 5 level increase for distribution with the expectation or receipt of a thing of value per § 2G2.2(b)(3)(B), (b) the 2 level increase for the use of a computer per § 2G2.2(b)(6), (c) the 5 level increase for possessing over 600 images per § 2G2.2(b)(7)(D), and (d) the 2 level increase for obstruction of justice per § 3C1.1 and the subsequent denial of a 3 level reduction for acceptance of responsibility per § 3E1.1.

(*See* doc. 1 at 2-3.)

Defendant Maines also raised in his Memorandum in Support of the original § 2255 motion the claim that his third counsel was ineffective for "misadvising him that he was, in fact guilty of the indicted offense as long as [he] was actually in possession of the child porn, and that it was irrelevant whether or not [he] knew that he possessed it, and irrelevant that [he] never viewed or intended to view it." Memorandum in Support, doc. 2 at 25. Then, as a result of subsequent documents filed by Maines that were construed by the magistrate judge as motions for leave to amend, Maines was allowed to add as a supplemental ground a direct challenge to the voluntariness of his plea on the basis that his guilty plea was involuntary because he did not understand the consequences of his plea, i.e., that he was "waiving all nonjurisdictional defects," and that the Government breached the plea agreement by making that allegation. (doc. 19 at 6.)[1] After the government filed a response to these

---

[1] Movant also alleged in these amendments that his counsel provided erroneous advice that caused him to decide not to appeal, but he then expressly withdrew that claim in his reply and elected to challenge only the voluntariness of his plea. (doc. 22 at 12 ("Movant therefore withdraws his claim that he was misadvised as to the nature of the direct appeal process, and will instead proceed to challenge the voluntariness of his guilty plea").) Thus, the Court does not address any claim of ineffective assistance of counsel related to the lack of direct appeal.

3

additional grounds, Maines then filed a reply brief on October 21, 2014, in which he asserted for the first time additional grounds that directly challenged his plea as involuntary because he was not informed of and did not understand the true nature of the offense, and because the prosecutor threatened him and his father with obstruction of justice charges. (doc. 22.) [2] The magistrate judge also addressed Maines's factual innocence argument, raised in an Affidavit filed with his Memorandum, as a claim of actual innocence. *See* doc. 2, at 36-38; FCR doc. 23 at 37-38.

Therefore, in addition to the original grounds one through five as listed above, Maines also has pending before the Court the following supplemental grounds for relief:

> (A) Supplemental Ground A: Movant's guilty plea was involuntary because he was not informed of and did not understand the true nature of the offense;
>
> (B) Supplemental Ground B: Movant's guilty plea was involuntary because he did not understand the consequences of his plea, i.e., that he was "waiving all nonjurisdictional defects," and the Government breached the plea agreement by making that allegation;
>
> (C) Supplemental Ground C: Movant's guilty plea was involuntary because the prosecutor threatened him and his father with obstruction of justice charges; and
>
> (D) Supplemental Ground D: Movant's counsel rendered ineffective assistance by "misadvising him that he was, in fact guilty of the indicted offense as long as [he] was actually in possession of the child porn, and that it was irrelevant whether or not [he]

---

[2] The magistrate judge noted that claims raised in a § 2255 proceeding for the first time in a reply brief need not be considered by the Court. *See United States v. Sangs*, 31 F. App'x 152, 2001 WL 1747884, at *1 (5th Cir. Dec. 11, 2001) (affirming, in § 2255 context, district court's refusal to consider issue raised for the first time in reply to government's answer to habeas petition) (citing *Cervantes*, 132 F.3d at 1110) (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response)); *see also Perez v. United States*, No. 3:12-CV-4144-K, 2013 WL 518660 (N.D. Tex. Feb. 12, 2013); *French v. United States*, No. 3:10-CV-1129-M, 2010 WL 4052186, at *5 (N.D. Tex. Sept. 10, 2010).

As Movant notes in his objections, and as recited here, he did raise a claim in his memorandum in support of his § 2255 motion related to counsel's alleged ineffectiveness as to his understanding of the true nature of the charge. (doc. 26, at 2; doc. Doc. 2. at 25.) But, Maines did not raise this claim as a direct challenge to the voluntariness of his plea until he did so in this October 2014 reply. Because the magistrate judge thoroughly analyzed Maines's direct claim that his plea was involuntary on the basis that he did not understand the true nature of the charge, and the government has not objected to these finding and conclusions, the Court will also consider such claim on the merits.

>knew that he possessed it, and irrelevant that [he] never viewed or intended to view it."

>(E) Movant is actually innocent.

(*See* docs. 2, 19, and 22.)

*Partial Denial of § 2255 Motion*

After **de novo** review of all matters before the Court in accordance with 28 U.S.C. § 636(b)(1), the Court finds and determines that as to Ground Three, Ground Four, Ground Five and Supplemental Ground C, movant Maines's objections are overruled, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as to these grounds for relief are correct and they are accepted as the Findings and Conclusions of the Court. For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, these grounds for relief (Grounds Three, Four, Five and Supplemental Ground C) will be denied with prejudice.

*Hearing and Additional Briefing on Remaining Grounds*

The remaining grounds for relief, that is Supplemental Ground A, Supplemental Ground B (along with any ineffective assistance claims brought within Grounds One and Two that may be determined to have not been waived), Supplemental Ground D, and Supplemental Ground E will be set for a hearing before the Court. The Court will, by separate order, appoint counsel for Maines. Appointed counsel and the government will be given the opportunity to file hearing briefs on these supplemental grounds only. The Court has already given Maines numerous opportunities to amend and supplement his grounds for relief, and the Court will not accept or consider any motions to further amend or supplement the remaining grounds for relief.

Within the remaining grounds for relief, the Court in particular seeks additional briefing on Supplemental Grounds A and D, focusing on Maines's third counsel's advice related to the elements of the offense of possession of child pornography in violation of 18 U.S.C. § 2252A, and Maines's understanding of those elements in relation to the voluntary nature of his plea. The Court also seeks additional briefing on Supplemental Ground B, and in particular whether the government's entry into a plea agreement with Maines which expressly reserved to him the unlimited right "to bring a claim of ineffective assistance of counsel," bars the government from relying upon the doctrine stated in *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) that "a voluntary guilty plea waives all nonjurisdictional defects in the proceedings against [a] defendant [including] claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *Id.* at 392 (citing *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991). In this regard the Court notes that in *United States v. Westry*, 2007 WL 3287371, at *6 (S. D. Al. Nov. 2, 2007) the Court rejected the government's argument that a similarly worded waiver of post-conviction relief barred a defendant's ineffective assistance claims:

> Review of the Plea Agreement reveals that the enumerated exceptions to the appeal waiver specifically include claims of ineffective assistance of counsel. Indeed, the Plea Agreement provides that [defendant] Westry "reserves the right to contest in an appeal or post-conviction proceeding any of the following: . . . A claim of ineffective assistance of counsel." (Doc. 454, ¶ 19(c).) This language expressly carves out and authorizes Westry to bring the very ineffective assistance claims he is pursuing in this § 2255 action; therefore, it is quite plain from the face of the Plea Agreement that Westry has not waived, and is in no way contractually precluded from, collaterally attacking his sentence on the ground that [counsel] rendered ineffective assistance of counsel in connection with sentencing.

*Westry,* 2007 WL 328731, at *6. Also, to the extent the Court may determine that the unconditional reservation of Maines's right to bring "a claim of ineffective assistance of counsel" means that the government cannot rely on the plea agreement waiver or the doctrine set out in

6

*Glinsey* to bar the claims of ineffective assistance of counsel raised as Grounds One and Two, further briefing on the merits of Grounds One and Two will assist the Court. The court also seeks clarification from appointed counsel as to whether Maines seeks to maintain a claim of actual innocence. If so, the Court also seeks additional briefing on this Supplemental Ground E.

*Order*

It is therefore **ORDERED** that the motion for relief under 28 U.S.C. § 2255 Grounds Three, Four, Five, and Supplemental Ground C, is **DENIED** with prejudice.[3]

A hearing on Maines's remaining claims – Supplemental Ground A, Supplemental Ground B (and ineffective assistance claims brought within Grounds One and Two that may be determined to have not been waived), Supplemental Ground D, and Supplemental Ground E – and a briefing schedule will be set by separate order once Maines has been returned to the Northern District of Texas. An order to return Maines to this district is being filed simultaneously herewith.

**SO ORDERED**.

SIGNED February 9, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] A judgment and order related to the issuance of a certificate of appealability on these grounds for relief will issue at the time of the Court's resolution of the remaining grounds for relief after the hearing.