IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL WILLIAM MAINES,       )<br>    ID # 44442-177,       )<br>        Movant,       )<br>       )<br>vs.       )<br>       )<br>UNITED STATES OF AMERICA,       )<br>        Respondent.       ) | No. 3:13-CV-4631-B-BH<br>No. 3:12-CR-151-B<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion for Relief from Judgment Under Rule 60(b)*, received on March 26, 2020 (doc. 73). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On November 20, 2013, Samuel William Maines (Movant) filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2255 challenging his federal conviction and sentence for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* doc. 1.) On June 2, 2015, it was recommended that the petition be denied with prejudice. (*See* doc. 23.) The recommendation was accepted in part, the § 2255 motion was partially denied, the remaining claims were set for an evidentiary hearing, and counsel was appointed. (*See* docs. 30, 31.) Additional claims were denied without a hearing on January 10, 2017. (*See* docs. 31, 33, 45.) The evidentiary hearing concerning the remaining claims was conducted on March 8, 2017. (*See* doc. 48.) On March 24, 2017, the remaining § 2255 claims were denied with prejudice, appointed counsel was terminated, and a certificate of appealability was denied as to all claims. (*See* docs. 50, 51.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

Movant appealed, and on November 19, 2018, the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) denied a certificate of appealability. (*See* docs. 52, 66.) A petition for writ of certiorari was denied by the United States Supreme Court on May 13, 2019. (*See* doc. 67.)

Movant filed his first motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on November 6, 2019. (*See* doc. 68.) On December 2, 2019, it was recommended that the motion be construed as a successive motion under § 2255 and transferred to the Fifth Circuit. (*See* doc. 69.) The recommendation was accepted on December 20, 2019, and after transfer, the Fifth Circuit dismissed the motion on March 3, 2020 for failure to comply with the court's notices. (*See* docs. 71, 72); *In re: Maines*, No. 19-11358 (5th Cir. Mar. 3, 2020).

On March 26, 2020, Movant filed his second motion for relief under Rule 60(b) based on the termination of his appointed counsel in the order denying habeas relief. (*See* doc. 73 at 2.) He argues that under the Rules Governing Section 2255 Proceedings for the United States District Courts, 18 U.S.C. § 3006A, and the Judicial Council of the Fifth Circuit's Plan for Representation on Appeal Under the Criminal Justice Act, he was entitled to continued representation by appointed counsel through any appeal. (*See id.* at 2-5.) He claims the termination of his appointed counsel was likely the result of the Court "simply overlook[ing]" the requirement that his appointed counsel remain through appeal, that it constituted a "surprise" to both Movant and his appointed counsel, and that the "publics [sic] confidence in the judicial process would undoubtedly suffer if the Court were to decline to follow both a Congressional mandate and a mandate from the Judicial Council of this circuit." (*Id.* at 4-5.)

## II.  FED. R. CIV. P. 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence,

2

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* Fed. R. Civ. P. 60(c)(1).

### A.    Rule 60(b)(1)

Movant argues that the termination of his appointed counsel was a "'mistake' for purposes of Rule 60(b)(1)." (doc. 73 at 4.) The challenged order was entered on March 24, 2017, but Movant did not file his Rule 60(b) motion until three years later, on March 26, 2020. (*See* docs. 50, 73.) The motion for relief from judgment under Rule 60(b)(1) for alleged "mistake, inadvertence, surprise, or excusable neglect," is therefore untimely under the plain language of the rule. *See* Fed. R. Civ. P. 60(c)(1); *Gulf Coast Bldg. & Supply Co. v. Int'l Bd. of Elec. Workers, Local 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972) ("The one year limitation [for Rule 60(b)(1)] is not tolled by an appeal.").

### B.    Rule 60(b)(6)

Movant also challenges the termination of counsel under Rule 60(b)(6). (*See* doc. 73 at 5.)

Rule 60(b)(6) is the "catch-all" clause of Rule 60(b). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). It is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Such extraordinary circumstances "will rarely occur in the habeas

context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Crutsinger v. Davis*, 936 F.3d 265, 267 (5th Cir. 2019).[2]

Relief under Rule 60(b)(6) is unavailable if the motion is premised on one of the grounds for relief set forth in clauses (b)(1) through (b)(5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) ("The reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under another subsection of 60(b).") (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005)). Because Movant's motion for relief falls within the coverage of clause (1), relief under Rule 60(b)(6) is not available. *See Webb*, 940 F.3d at 899; *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) ("Relief under subsection (6) is not available to a movant where . . . the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule." (internal quotation marks omitted)).

Moreover, the motion was not made within a "reasonable" time because it was filed more than three years after the challenged order. *See, e.g.*, *Scheanette v. Quarterman*, 309 F. App'x 870, 872 n.2 (5th Cir. 2009) (affirming denial of Rule 60(b)(6) motion, in part, as untimely where the movant offered no reason for taking nearly two years to seek relief when grounds raised were known

---

2  *In Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to be considered when evaluating such a motion:

> (1) That final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered . . . on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Id.* at 402; *Raby v. Davis*, 907 F.3d 880, 885 (5th Cir. 2018).

4

to him) (per curiam); *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 121 (5th Cir. 1992) (affirming the district court's determination that a two-year delay in filing a Rule 60(b) motion without plausible justification for delay was not reasonable). Movant has not offered any justification for his delay in seeking relief.

Finally, Movant has not shown the existence of "extraordinary circumstances." *Hess*, 281 F.3d at 216. His conclusory allegation that the termination of his appointed counsel following the denial of his habeas motion on the merits would cause the public's confidence in the judicial process to undoubtedly suffer, so his motion "presents extraordinary circumstances warranting Rule 60(b) relief," is not sufficient to establish that denial of his motion would be "so unwarranted as to constitute an abuse of discretion." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motion); *see also Mers, Inc. v. M/V Christopher D*, No. CIV. A. 93-1853, 1996 WL 169098, at *1 (E.D. La. Apr. 8, 1996) (denying relief under Rule 60(b)(6) where the movant offered conclusory statements that it "finds itself in extraordinary circumstances and in an unfair and unjust predicament.").

### III.  RECOMMENDATION

The movant's *Motion for Relief from Judgment Under Rule 60(b)*, received on March 26, 2020, should be **DENIED**.

**SIGNED** this 28th day of September, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE