IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL WILLIAM MAINES, ) | |
| ID # 44442-177, ) | |
| Movant, ) | |
| ) | No. 3:13-CV-4631-B-BH |
| vs. ) | No. 3:12-CR-151-B |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Motion for Relief from Judgment Under Rule 60(b)*, received on September 9, 2020 (doc. 74). The motion should be construed as a successive motion to vacate under 28 U.S.C. § 2255, opened as a new case, and **TRANSFERRED** to the Fifth Circuit Court of Appeals.

### I.   BACKGROUND

On November 20, 2013, Samuel William Maines (Movant) filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2255 challenging his federal conviction and sentence for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* doc. 1.) On June 2, 2015, it was recommended that the petition be denied with prejudice. (*See* doc. 23.) The recommendation was accepted in part, the § 2255 motion was partially denied, the remaining claims were set for an evidentiary hearing, and counsel was appointed. (*See* docs. 30, 31.) Additional claims were denied without a hearing on January 10, 2017. (*See* docs. 31, 33, 45.) On March 8, 2017, an evidentiary hearing was held on Movant's remaining grounds for relief, i.e., the voluntariness of his guilty plea and the alleged ineffective assistance of counsel. (*See* docs. 33,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

48.) Movant and his two prior attorneys testified at the hearing. (*See* doc. 62.)

On March 24, 2017, the remaining § 2255 claims were denied with prejudice and a certificate of appealability was denied as to all claims. (*See* docs. 50, 51.) Movant appealed, and on November 19, 2018, the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) denied a certificate of appealability. (*See* docs. 52, 66.) A petition for writ of certiorari was denied by the United States Supreme Court on May 13, 2019. (*See* doc. 67.)

Movant filed his first motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on November 6, 2019. (*See* doc. 68.) It was construed as a successive motion under § 2255 and transferred to the Fifth Circuit. (*See* docs. 69, 71, 72.) The Fifth Circuit dismissed it for failure to comply with the court's notices on March 3, 2020. *See In re: Maines*, No. 19-11358 (5th Cir. Mar. 3, 2020). On March 26, 2020, Movant filed a second motion for relief under Rule 60(b) based on the termination of his appointed counsel in the order denying habeas relief. (*See* doc. 73.) A recommendation that the motion be denied is pending. (*See* doc. 75.)

In his third Rule 60(b) motion, Movant reasserts the arguments he raised in his first Rule 60(b) motion regarding the admission of his first attorney's testimony at the March 8, 2017 evidentiary hearing. (*See* doc. 74 at 2.) He claims that the testimony and his June 7, 2012 letter to the attorney severely prejudiced him at the hearing and "was admitted contrary to law." (*Id.*) Movant also alleges that the testimony and the admission of the June 7, 2012 letter was part of the government's "years-long strategy that was informed by the contents of the letter in question" to anger the judge to the extent that his § 2255 motion would be denied based on his character rather than the facts and law. (*Id.* at 3.) He seeks remand and a rehearing. (*See id.* at 2-3.)

## II.    NATURE OF SUIT

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1). Here, Movant's motion was received over three years after the proceeding and judgment from which he seeks relief.

A motion for relief from judgment that seeks to advance one or more substantive habeas claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005);[2] *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment."); *see also Chase v. Epps*, 74 F. App'x. 339, 345 (5th

---

[2] *Gonzalez* involves a petition filed by a state prisoner under 28 U.S.C. § 2254 and a motion for relief from that judgment. 545 U.S. at 524. The case equally applies to federal prisoners' § 2255 motions. *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); *see also Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010) (recognizing that nearly every circuit has applied the *Gonzalez* rationale to federal prisoners seeking relief from their judgment under § 2255).

Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive ... application") (citations omitted).

Here, Movant reasserts the arguments raised in his first Rule 60(b) motion, which was construed as a second or successive § 2255 petition. Although he claims that he is not challenging the outcome of his § 2255 petition and is alleging only a procedural defect, his current motion argues that:

> [T]his Court's resolution of Maines's claims turned on the Court's assessment of Maines's "character" and "credibility". That assessment, in turn, was derived entirely from the testimony of [his first attorney], including a letter written to [him] in confidence by Maines, which the Court referred to as "a virtual treasure trove of insight into Maines's character and credibility." . . . The only question remaining, then, is whether [the attorney's] testimony was admitted contrary to law.

(doc. 74 at 2.) He goes on to argue that the government: (1) first argued that Movant's § 2255 claims against his first attorney were irrelevant in order to "guarantee that Maines could not possibly prevail on his claims against [the attorney], no matter what would eventually be said at the hearing"; and (2) then called [the attorney] to testify and used its foreknowledge of the letter Movant sent to [the attorney] "to goad the Court into ordering the letter's 'disclosure'" with "the aim to anger the judge to such an extent that Maines's § 2255 would be denied on the basis of Maines being a 'bad person' rather than on the facts of the case and the law." (*Id.* at 3.) Because Movant is expressly attacking the denial on the merits of his § 2255 motion on the merits, and not challenging a failure to reach the merits, his Rule 60(b) motion qualifies as a successive habeas petition under *Gonzalez*.

### III. SUCCESSIVE § 2255 MOTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

4

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Movant previously filed a § 2255 motion that was decided on the merits and a motion construed as a second or successive § 2255 motion. (*See* docs. 1, 68.) A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the [defendant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez*, Movant was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." *Id.* at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion is properly construed as a successive motion because it squarely attacks the Court's resolution of his original § 2255 on the merits. *See Gonzalez*, 545 U.S. at 532 ("A motion can also be said to bring 'a claim' if it attacks the federal court's previous resolution of a claim *on the merits*.") (emphasis in original)). Moreover, he is not merely attacking some defect in the integrity of the federal habeas proceedings. *See id.*; *Crutsinger v. Davis*, 929 F.3d 259, 264, 266 (5th Cir. 2019) (noting that a Rule 60(b) motion is not successive if it addresses a defect in the integrity of the federal habeas proceedings rather than the merits). Courts

distinguish between motions under Rule 60(b) and § 2255 to ensure that movants do not use Rule 60(b) motions to "make an end-run around [2255]'s exacting procedural requirements." *United States v. Patton*, 750 F. App'x 259, 263 (5th Cir. 2018) (per curiam).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider Movant's new § 2255 motion.

## IV.   RECOMMENDATION

The movant's *Motion for Relief from Judgment Under Rule 60(b)*, received on September 9, 2020, should be construed as a motion to vacate filed under 28 U.S.C. § 2255. The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas case for administrative purposes only; (3) docket the post-judgment motion as a § 2255 motion filed September 9, 2020, in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings,

Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 2nd day of October, 2020.**

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE