UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL WILLIAM MAINES, )<br>     ID # 44442-177, )<br>          Movant, )<br>vs. )<br>     )<br>UNITED STATES OF AMERICA, )<br>          Respondent. ) | No. 3:13-CV-4631-B-BH<br>No. 3:12-CR-151-B |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case. Movant Samuel William Maines ("Movant") filed objections to the FCR entered on September 28, 2020, and the Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

### I.

### MOVANT'S OBJECTIONS

The September 28, 2020 FCR recommended that Movant's Federal Rule of Civil Procedure 60(b) motion, filed on March 26, 2020, be denied under Rule 60(b)(1) because it was untimely and under Rule 60(b)(6) because the relief sought fell within the coverage of Rule 60(b)(1), the motion was not made within a reasonable time, and Movant failed to show the existence of extraordinary circumstances warranting relief under clause (6). Movant objected to the FCR, arguing that: (1) his motion was timely; (2) because of the particular circumstances of his claim, the limitations period of Rule 60(b) must be tolled by his appeal; (3) he provided justification for his delay in filing the motion and established the existence of extraordinary circumstances; and (4) the refusal to correct an abuse of discretion is an abuse of discretion.

On timing, Rule 60(c)(1) specifically states, "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) not more than a year *after the entry* of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). Accordingly, motions filed pursuant to Rule 60(b)(1)-(3) more than one year after entry of the challenged judgment or order are untimely. *See, e.g.*, *United States v. Garcia*, 61 F. App'x 919 (5th Cir. 2003) (per curiam) (holding that Rule 60(b)(1)-(3) motions were time-barred for failure to file within one year of challenged §2255 denial); *United States v. Woodley*, Criminal Action No. H-99-0464, Civil Action No. H-06-1254, 2006 WL 2854451, at *3 (S.D. Tex. Oct. 4, 2006) (denying pro se Rule 60(b)(3) motion as untimely where motion was filed 21 months after entry of challenged judgment); *United States v. Bounds*, No. 5:88 CR 50038-02, 2006 WL 2087761, at *1 (W.D. La. July 25, 2006) (finding Rule 60(b)(2) and (3) motion untimely because "such motions must be filed 'not more than one year after judgment, order, or proceeding was entered or taken.'").

Additionally, there is no exception to the one-year limitation of Rule 60(b)(1)-(3) while an appeal is pending. *See Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972) ("The one year limitation [for Rule 60(b)(1)] is not tolled by an appeal."); *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 ("Although plaintiffs appealed from the order of dismissal, such appeal does not toll the time for making a 60(b) motion. This is because such motion can be made even though an appeal has been taken and is pending."); *see also Bullock v. Dretke*, No. Civ.A. H-02-1170, 2005 WL 3054567, at *1 (S.D. Tex. Nov. 15, 2005) (denying Rule 60(b)(1) motion as untimely when motion was filed over two years after entry of judgment denying § 2254 habeas petition and less than one year after denial of writ of certiorari); *United States v. Jones*, 453 F. Supp.3d 858, 874 (W.D. Va. 2020) (denying Rule 60(b)(3) motion as

untimely in § 2255 context and citing cases from the Third, Fifth, Sixth, Eighth, Ninth, and D.C. Circuits holding that the one-year limitations period under Rule 60(b)(1)-(3) is not tolled or extended by a pending appeal); *Austin v. United States*, No. 88-2932, 1989 WL 123634, at *1 (9th Cir. Oct. 2, 1989) (holding that an appeal of a § 2255 denial does not enlarge the one-year limitations period of Rules 60(b)(2) and 60(b)(3) motion); *Carter v. United States*, No. 1:07CV49 CDP, 2014 WL 518211, at *1-2 (E.D. Mo. Feb. 10, 2014) (denying Rule 60(b)(6) motion challenging denial of § 2255 petition as not filed within a reasonable time where the movant filed motion after appeal was dismissed and writ of certiorari was denied). Movant has not cited any authority to support his position that the circumstances of his case are an exception to Fifth Circuit precedent that an appeal does not toll the Rule 60(b) limitations period.

Movant also argues that, based on the findings and orders entered on his first filing labeled as a Rule 60(b) motion for relief, "this Court held that, in this case, any Rule 60(b) motion is made within one year if it is filed before May 13, 2020." This argument fails because it mistakes the limitations period applicable to the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2255 with limitations period for the filing of a Rule 60(b) motion. His purported initial Rule 60(b) motion was construed as a second or successive motion under § 2255, not as a Rule 60(b) motion. *See United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010)(per curiam) (instructing "district courts to determine the true nature of a pleading by its substance, not its label.") (citations and internal quotation marks omitted). The limitations period applicable to this second or successive § 2255 motion was accordingly governed by § 2255(f), not Rule 60(c)(1). Movant's argument is therefore without merit, and because Movant's Rule 60(b) motion was filed three years after the challenged order was entered, it is untimely under Rule 60(b)(1). For the same reason and the

3

reasons set out in the FCR, it was not filed within a reasonable amount of time under Rule 60(b)(6), even if Rule 60(b)(6) were available to Movant as a basis for relief despite his statements establishing that the basis for his claim was within the coverage of Rule 60(b)(1). *See Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) ("Relief under subsection (6) is not available to a movant where . . . the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule." (internal quotation marks omitted)).

Based on the foregoing, Movant's objections to the denial of his Rule 60(b) motion based on untimeliness are overruled. His remaining objections, which reiterate the substance of his motion, are likewise overruled.

## II.
## CERTIFICATE OF APPEALABILITY

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[11]

---

[11] Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, as amended effective on December 1, 2019, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

In the event Movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

## III.

## CONCLUSION

Movant's objections are **OVERRULED**. In accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. For the reasons stated in the September 28, 2020 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the *Motion for Relief from Judgment Under Rule 60(b)*, received on March 26, 2020, is **DENIED**.

**SIGNED this 23rd day of October, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal. **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.